UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) |
| | ) |
| STEVEN D. DUBY, | ) |
| | ) |
|         Debtor. | ) |
| _____ | ) |
| | ) |
| STEVEN D. DUBY, | ) |
| | )   04-2134 |
|      Defendant/Appellant, | ) |
| | ) |
|    v. | ) |
| | ) |
| POLYGAL USA, INC., | ) |
| | ) |
|      Plaintiff/Appellee. | ) |

ORDER

      This case is before the court on appeal from an order of the United States Bankruptcy Court for the Central District of Illinois. For the following reasons, this court affirms the bankruptcy court's order granting default judgment in an adversarial proceeding against the debtor.

BACKGROUND

      Debtor Steven Duby ("Duby") did business as Measured Marketing Ltd. ("MM").[1] Duby, through MM, sold various products to commercial greenhouses in the United States and Canada. Polygal USA, Ltd. ("Polygal")[2] manufactured and/or imported products used by commercial greenhouses. On June 4, 2001, MM and Polygal entered into a written agreement granting MM an exclusive distributorship for Polygal's products in the United States. Duby personally guaranteed all debts created pursuant to the distribution agreement. Duby provided a financial statement to Polygal setting his net worth at $1,378,500.

      MM later defaulted on the distributorship agreement. On May 30, 2002, Polygal filed a complaint against Duby, in the United States District Court, Western District of Wisconsin,

---

[1] MM and Duby are located in Kankakee, Illinois.

[2] Polygal is a citizen of Wisconsin.

1

seeking judgment in the amount of $275,870 and an award of treble damages pursuant to Wis. Stat. § 895.80(3).  Duby was served with the complaint, sought a two-week extension of time in which to answer, and then failed to file a motion for extension of time or an answer.  On July 30, 2002, Polygal filed a motion for default judgment against Duby.  A hearing was held on August 14, 2002, which Duby failed to attend.  The court granted the default judgment, awarding treble damages to Polygal — a sum of $842,062.  Duby did not file a motion to vacate the default judgment.  Instead, on August 22, 2002, he filed a bankruptcy petition in the United States Bankruptcy Court, Central District of Illinois.  Duby listed Polygal as an unsecured creditor with a claim of $274,715.

On April 14, 2003, Polygal initiated an adversary proceeding to determine the dischargeability of Duby's debt pursuant to 11 U.S.C. § 523(a)(2)(B).[3]  Polygal claimed it had relied on Duby's materially false financial statement, making his debt nondischargeable.  Duby sought an extension of time to file an answer, moved to dismiss the complaint, requested an extension of time to respond to Polygal's opposition to the motion to dismiss, and then withdrew his motion to dismiss.  He filed his answer more than four months after being served with the complaint.

The parties then began discovery.  Duby never provided Rule 26(a)(1) initial disclosures, initially failed to respond to all of Polygal's requests for admissions, and failed to timely respond to interrogatories and document requests.  The parties were granted an extension of the original discovery deadlines and trial date.  Notice for Duby's deposition was given twice, but by March 2004, Duby still had not been deposed.[4]

In February 2004, the bankruptcy court held a telephone status conference and ordered Duby to respond to the outstanding discovery requests.  The bankruptcy court also warned Duby that it would consider a motion for default judgment if he failed to comply within fourteen days.  Duby did respond to the outstanding discovery requests, but his responses were inadequate,

---

[3] 11 U.S.C. § 523 states, in relevant part:
"(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . (B) use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive[.]"

[4] The November deposition was postponed to give Duby more time to produce responsive documents.  In December, Duby still had not produced the documents and refused to travel from Kankakee to Chicago for a deposition.  His January deposition was canceled because his counsel could not attend.

incomplete and, in some cases, unsigned.

Then Duby's counsel withdrew from the bankruptcy action due to health problems, and Duby was ordered to obtain new counsel within three weeks. He failed to do so. Polygal then filed a motion for default judgment. On April 8, 2004, the bankruptcy court held a hearing on the motion, and Duby's new attorney entered his appearance. The attorney admitted that Duby's compliance with discovery requests did not look good, but stated that Duby had not been well served by his former counsel. The attorney tried to submit the deposition of Polygal's former president and CEO to show the court that there was a question as to whether Polygal relied on Duby's financial statement before entering into the distribution agreement. However, the court apparently did not consider the deposition or allow counsel to enter it as part of the record. Polygal's counsel commented that Duby's uncooperative attitude on discovery was long-standing and should not be construed as a problem with counsel. The bankruptcy trustee also pointed out that the court had similar problems with Duby's noncompliance in the underlying bankruptcy, and his counsel's "tremendous" fees were caused by Duby's failure to "participat[e] in the process." The bankruptcy court then granted Polygal's motion for default judgment.

On April 19, 2004, Duby filed a first motion to reconsider, stating that the court erred by granting the motion for entry of default and default judgment. Duby asked the court to reconsider its decision, select a less drastic remedy than default judgment, and allow the case to go to trial. On April 26, 2004, the court denied the motion to reconsider and entered a written order of default and default judgment, determining that the judgment of $842,062 was nondischargeable in its entirety pursuant to 11 U.S.C. § 523(a)(2)(B).

Duby filed a notice of appeal on May 7, 2004. Duby filed a designation of items to be included in the record on appeal[5] and statement of the issues to be presented. He stated that the sole issue on appeal is whether the bankruptcy court erred by denying his motion to reconsider.

Now pending are (1) Duby's appeal of the default judgment in the adversarial proceeding; (2) Polygal's motion to supplement the record on appeal; (3) Polygal's motion to strike portions of the appellant's brief and appendix; and (4) Polygal's motion to dismiss the appeal as untimely.[6]

ANALYSIS

---

[5] The designation listed several documents that were not included in the record on appeal. The plaintiff/appellee has filed a motion to supplement the record with those documents. The motion [#4] is granted.

[6] Duby has not filed his opposition to any of the motions. When the nonmovant fails to file his opposition to a motion, the court presumes he does not oppose the motion and will rule on the motions without further notice to the parties. *See* CDIL-LR 7.1(B)(2). In this case, the appeal is easily resolved on the merits. The motions [#7, #10] are therefore moot.

3

Duby appeals from the bankruptcy court's decision to grant Polygal's motion for default judgment. He argues the court erred by: (1) failing to review the specific issues involved in the discovery problems and failing to craft a sanction less severe than default; (2) failing to review the deposition of Polygal's former president/CEO, which would have shown that Polygal could not prove its case for nondischargeability; and (3) failing to review Polygal's treble damages claim.

"If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . rendering a judgment by default against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Bankr. P. 7037(b)(2)(C). Noncompliance with discovery orders places a burden on the court's busy calendar and the schedules of opposing parties. *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591 (7th Cir. 1992). Duby argues that the bankruptcy court *could* have, and *should* have, chosen a less drastic remedy than default. "In other words [he] asks [the court] to rewrite Rule 37 so that it provides in pertinent part that if a party *willfully* fails to obey a discovery order the judge may dismiss the suit *if no lesser sanction would suffice*." *Newman*, 962 F.2d at 591 (emphasis in original).

> The cases in this circuit . . . do not set up a row of artificial hoops labeled "bad faith" and "egregious conduct" and "no less severe alternative" through which a judge must jump in order to be permitted by . . . appellate judges to dismiss a suit. *Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280, 284-85 (7th Cir. 1988) (per curiam); *Daniels v. Brennan*, 887 F.2d 783, 788-89 (7th Cir. 1989); *Diehl v. H.J. Heinz Co.*, 901 F.2d 73, 74-75 (7th Cir. 1990). A plaintiff's failure to comply with discovery orders is properly sanctioned by dismissal of the suit, a defendant's by entry of a default judgment. Of course the circumstances of the failure must be considered, because the judge must be guided by the norm of proportionality that guides all judicial applications of sanctions. *Mraovic v. Elgin, Joliet & Eastern Ry.*, 897 F.2d 268, 271 (7th Cir. 1990); *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232-33 (7th Cir. 1990). If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal (if the failure is by the plaintiff) or default (if the defendant) would be an excessively severe sanction. *Lorenzen*, 896 F.2d at 232; *Hays v. Sony Corp. of America*, 847 F.2d 412, 414 (7th Cir. 1988). But as soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with swift decision.

*Newman*, 962 F.2d at 591.

The record is unequivocal that Duby had a long pattern of noncompliance. The Western District of Wisconsin entered a default judgment against Duby after he couldn't be bothered to defend against an action in which he was subject to treble damages. When he filed for bankruptcy, the trustee opined that Duby's failure to assist his counsel in the bankruptcy proceeding resulted in "tremendous" legal fees. Duby's lackadaisical attitude toward discovery

4

in the adversarial proceeding led to the bankruptcy court's admonition that failure to comply with discovery requests could lead to an entry of default.  It is unremarkable that the bankruptcy court made good on its warning.  *See, e.g.*, *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough[.]").

It is far too late in the game for Duby to argue that default was unwarranted because he could have successfully defended against the adversarial proceeding.  "At the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."  10 James Wm. Moore et al., Moore's Federal Practice ¶ 55.12[1].  Rule 37 allows the court to determine that the litigant will not prevail, no matter how strong a defense he may claim.

Finally, Duby argues that the bankruptcy court should have reviewed the award of treble damages.  He suggests that only actual damages, and not treble damages, are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).  In *Cohen v. de la Cruz*, 523 U.S. 213 (1998), the Supreme Court held that an award of treble damages is nondischargeable in its entirety.  Duby attempts, but fails, to distinguish his case from the issue decided in *Cohen*.  In *Cohen*, the tenants of a bankrupt landlord sought treble damages pursuant to state law.  *Cohen*, 523 U.S. at 215.  There was no underlying judgment to enforce, so the bankruptcy court engaged in fact-finding to determine the amount of the tenants' claim.  *Cohen*, 523 U.S. at 215-16.  Duby argues that the bankruptcy court never considered the facts of his case as did the court in *Cohen*.  However, in Duby's case, the amount of Polygal's claim was already fixed by the district court in Wisconsin; there was no need for additional fact-finding to determine the amount of the claim.  Duby cites no authority for the proposition that the bankruptcy court should have undertaken what amounts to appellate review of a district court's judgment.

<u>CONCLUSION</u>

For the foregoing reasons, the motion to supplement the record on appeal [#4] is granted; the bankruptcy court's order of default judgment against Duby is affirmed; and the motion to strike portions of the appellant's brief [#7] and the motion to dismiss [#10] are moot. Bankruptcy Rule 8014 provides that "costs shall be taxed against the losing party on an appeal." Accordingly, costs for this appeal will be taxed against Duby pursuant to the direction of Rule 8014.

Entered this 1st day of February, 2005.


**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

6